FLETCHER v. STATE OF INDIANA

[No. 28,552. Filed October 17, 1949.
Rehearing denied November 21, 1949.]

*Theodore Lockyear,* and *James D. Lopp,* both of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

STARR, J.—The appellant was charged with murder in the second degree by indictment returned in the Vanderburgh Circuit Court to which he entered his plea of not guilty. A trial was had before a jury which resulted in a verdict and judgment convicting appellant of murder in the second degree. From this conviction this appeal is prosecuted. The questions presented arise upon the action of the trial court in overruling the motion for a new trial.

Three specifications are set out in the motion as grounds for a new trial. One of these specifications was that a new trial should have geen granted for the reason that the jury had separated without leave of the court after retiring to deliberate on the verdict. The motion for a new trial was verified on information and belief by the appellant. This specification cannot be considered or reviewed as it is not properly presented. This specification not being disclosed by the record proper had to be sustained by affidavit, Burns' 1942 Replacement, § 9-1903. Here the allegations as to the separation of the jury appear in the motion for a new trial, but there is no bill of exceptions showing that this specification was sustained by any evidence. "It has been repeatedly decided, and is well settled, that an affidavit supporting a motion for a new trial can only be brought into the record by a bill of exceptions, and that a motion for a new trial, though itself a part of the record, 'does not constitute evidence of the truth of the alleged causes for the motion, and this is so, even though the motion be sworn to or accompanied by affidavit in support of it.' "

*McCallister* v. *State* (1940), 217 Ind. 65, 26 N. E. 2d 391. See also *Soucie* v. *State* (1941), 218 Ind. 215, 31 N. E. 2d 1018; *Butler* v. *State* (1945), 223 Ind. 260, 60 N. E. 2d 137. Furthermore had the motion for a new trial been offered in evidence and this fact shown by a bill of exceptions, it would not have been of any probative value as it was verified on information and belief. *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. 2d 34, 109 A. L. R. 1205.

Finally it is contended that the verdict is not sustained by sufficient evidence and is contrary to law. Since only the sufficiency of the evidence is in question, these two specifications will be considered together.

The evidence most favorable to the State discloses that on September 24, 1948, at about 11:30 o'clock P. M. the appellant and his wife, Dorothy, who is the deceased, were walking together on Lincoln Avenue toward Line Street in Evansville; that they passed one Leo Baker, a witness for the State. This witness testified that as the appellant and his wife passed him he was standing on Lincoln Avenue talking to a friend. When they got about 20 feet away from him on Lincoln Avenue he heard a gun going off. His back was turned toward the appellant when the shooting started, but on hearing the gunfire he immediately turned toward the appellant in time to see him fire the last shot and saw deceased stagger and fall into the street. The appellant was about five feet from the deceased when he fired the last shot; that after the last shot he saw appellant leave the Avenue in a pretty "good hurry" and proceed across a junk yard into an alley which was the last the witness saw of him.

The evidence discloses that the deceased was hit three times by this shooting and from her wounds she died.

It further discloses that at about 1:30 or 2:00 o'clock A. M. on the night of the shooting appellant appeared at the home of one Samuel Thomas; that he awakened Thomas and informed him he had shot his wife and thrown the gun away, and then requested Thomas to take him to Henderson, Kentucky; that Thomas at that time and in response to this request did take appellant to Henderson where he left him; that appellant was not seen thereafter until about one week later when he was arrested for his alleged crime at Detroit, Michigan.

The appellant elected not to testify in his own behalf.

It is seriously contended by appellant that from the foregoing evidence the jury was not warranted in drawing the inference that the appellant in killing the deceased acted purposely and maliciously, as required by our statute defining murder in the second degree, Burns' 1942 Replacement, § 10-3404. He stresses the fact that for all we know the appellant and deceased were on perfectly good terms at the time of the shooting, and that there is nothing to indicate that the killing might not have been accidental or at most have amounted to manslaughter. With this contention we cannot agree. From the evidence above set out, the jury could infer that the appellant deliberately made use of a deadly weapon, and from the use of this weapon under the circumstances in this case the jury had a perfect right to find that the crime was committed purposely and with malice. *Aszman* v. *The State* (1890), 123 Ind. 347, 24 N. E. 123; *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192, 72 A. L. R. 891; *Pitts* v. *State* (1939), 216 Ind. 168, 23 N. E. 2d 673. In the case before us the evidence is more convincing than it was in any of the cases last cited. Here we have evidence of flight, which in itself is evidence of

guilt. *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70.

In *Welty* v. *State* (1913), 180 Ind. 411, 100 N. E. 73, which was a case where, as here, the defendant did not testify, this court pointed out that the law presumes malice in an unexplained killing with a deadly weapon intentionally used, also that this rule is grounded upon public policy and safety, for if this were not the law, then in any case such as this where the defendant is the sole repository of the facts, other than the facts of the homicide and the instrument, all he would need to do to insure an acquittal would be to stand upon his constitutional right and say nothing. The court further pointed out that any other rule which would require on the part of the State proof of malice in a case such as this would place an unwarranted burden upon the State, and would often result in a miscarriage of justice.

For the reasons herein set out, the judgment is affirmed.

NOTE.—Reported in 88 N. E. 2d 146.