MEREDITH *v.* STATE OF INDIANA.

[No. 30,660. Filed March 4, 1966.]

Robert J. Fink, of Haymaker, Bridwell & Fink, of Indianapolis, for appellant.

John J. Dillon, Attorney General, and James Manahan, Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was convicted in the Marion County Criminal Court, Division I on February 11, 1964 of the crime of second degree murder. Appellant assigns as error the overruling of a motion for a new trial and in appellant's brief states that he relies upon the introduction in evidence over his objections of exhibits 3, 4, 5 and 6 on the ground that they were "irrelevant, immaterial and did not tend to prove any of the issues of the crime charged." The brief does not identify these exhibits except by reference to a transcript page. It would have been helpful to have briefly described of what the exhibits consisted. We find, however, upon examination of the transcript and the testimony related thereto that the exhibits consist of four photographs. Two are pictures of a 1951 Buick automobile which had been wrecked following a pursuit by police officers, in which the appellant was riding at the time of an attempted escape. Another is a picture of appellant, Meredith, lying on the ground in a pool of blood as he was shot in an attempt to escape, and finally a picture of the automobile with the door open, showing what appears to be blood on the front seat and a revolver lying on the floor.

Error is further claimed, as stated in the brief, because of the introduction of testimony of police officers Graham and Stratton, "their testimony not being connected to the crime charged and being irrelevant." This is specification 28 of the motion for a new trial. It is a specification of error claimed in overruling defendant's motion to strike out

"the testimony of the last four or five witnesses as not being relevant." Without belaboring the point, we state that this is not the proper way for trial counsel to save for review a question as to the admission of evidence in the trial. It is too indefinite and confusing. *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848.

From the brief written by subsequent counsel on appeal we draw the conclusion that the evidence complained of was that relating to the arrest and apprehension by these officers of the appellant on the crime of murder. Since the general tenor of appellant's brief is that this evidence and that of the pictures introduced as exhibits were not relevant and material in the trial of the appellant on the murder charge, we have given that issue consideration.

The evidence in this case shows that shortly prior to the apprehension and arrest of the appellant, from which these pictures result, the appellant had shot and killed the decedent, William Robert Bray, following a drinking party. One of the witnesses present called the police, describing the car which the appellant used in leaving the scene of the homicide. Shortly thereafter an Indianapolis police officer in a patrol car saw the automobile in which the appellant and a companion were riding, and directed them to pull over to the curb. After asking their names, the police officer arrested the appellant and the driver of the car. The appellant got out of the car and fired three shots at the police officer, critically wounding him. The appellant then jumped into the car and sped away down the street. Another police patrol wagon pursued, forcing the car in which the appellant was riding to crash into a fire plug. One exhibit objected to by the appellant was a picture of this car which crashed in the pursuit following appellant's attempted escape. In this car was found the revolver which was identified by laboratory test as being the revolver which fired the bullet which killed William Robert Bray, the decedent. Another one of the exhibits to which objection is made was a picture of this revolver lying on the

floor of the escape car. Another exhibit is a picture of the appellant after he was shot or injured following the crash of the fleeing car.

Evidence of escape or attempted escape and avoidance of arrest or capture is always competent evidence of the consciousness of guilt and a matter for the consideration of the jury. A statement in Underhill, Criminal Evidence, p. 213 (2d ed. 1910) is quoted with approval by this Court in *Smith* v. *State* (1961), 241 Ind. 665, 668, 175 N. E. 2d 27, 29:

> " 'Any statement or conduct of a person indicating a consciousness of guilt, where at the time or thereafter he is charged with or suspected of the crime, is admissible as a circumstance against him on trial. Evidence of circumstances, which are part of a person's behavior subsequent to an event with which it is alleged or suspected he is connected with or implicated in, are [sic] is relevant if the circumstances are such as would be natural and usual, assuming the connection or implication to exist. Underhill, Criminal Evidence (2 Ed.) 213.' "

In *Anderson et al.* v. *The State* (1897), 147 Ind. 445, 46 N. E. 901, we find a statement therein by this Court which appears to cover the situation now before us in detail. This Court said at p. 452:

> "In the evidence given as to the resistance made to the Bremen officers who attempted to arrest the appellants and their companions, mention is made of a revolver used by one of them, and with which an effort was made by him to kill one of the officers, and counsel complain because this revolver was brought into court and identified. That those accused of the crime charged should have resisted arrest, that they attacked and endangered the lives of the officers, and that three of them thus escaped, were circumstances proper to be brought to the knowledge of the jury, not for the purpose of showing that they were guilty of the additional crime of assaulting the officers or resisting arrest, but for the purpose of determining whether such conduct was or was not an indication of the guilt of the crime charged; and the court particularly instructed the jury as to the force and effect of such evidence. The production of the revolver was a proper incident to the giving

of this evidence." See also: 26 Am. Jur., Homicide, Sec. 360, p. 404; Annot., 25 A. L. R., 886, 897 (1923); *Fletcher* v. *State* (1949), 227 Ind. 687, 88 N. E. 2d 146; *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70; *Porter* v. *The State* (1850), 2 Ind. 435; *Martin* v. *State* (1957), 236 Ind. 524, 141 N. E. 2d 107.

The magnitude and extremes to which a defendant goes in attempting to escape are certainly competent for the jury's consideration. The fact that appellant was willing to commit the capital crime of killing a police officer rather than submit to arrest is a matter relevant to a guilty conscience. The gun which was used not only in an attempt to escape but to kill the decedent, with whose death the appellant was charged, has the utmost relevancy to the issue. A picture of the car used to escape has relevancy and a picture of the appellant showing the violence with which he resisted arrest and the extremes to which officers had to go to apprehend him, are certainly competent evidence. If a verbal description may be given by a witness of a scene and the actions of parties, then certainly a picture which depicts the scene with more detail is competent.

It has been said:

"When otherwise admissible, it is no objection that a photograph is gruesome, or likely to inflame or prejudice the jury. A photograph otherwise admissible is therefore not to be excluded even though it shows a garrotted child with his hands and feet cut off to prevent identification, or the naked or decomposed body of the victim." 2 Wharton, Criminal Evidence, § 686, p. 654 (12 ed. 1955); Annot., 159 A. L. R., 1413, 1420 (1945); 1 Ewbank, Indiana Criminal Law, sec. 395, p. 246 (Symmes ed. 1956).

One can hardly conceive of a more gruesome and disagreeable picture than that of a decomposed body of the victim of a homicide found lying in weeds with the skull and bones showing, as was true in *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79. The same objection was made there as here, namely that its introduction inflamed the jury emotionally and prejudiced the defendant. The court

analyzed the law, citing Wigmore and stated that where oral testimony is competent to describe the facts, a picture is competent to describe the same details, regardless of how gruesome, horrible and revolting the picture may be. See also: *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749.

It is argued on appeal that these pictures were gory and inflammatory and prejudicial to the defendant, although objections made thereto at the trial, as stated in the transcript, fail to include such specification. The mere fact that evidence is injurious (i.e. prejudicial) to a defendant does not for such reason make it incompetent or inadmissible, if relevant. As a matter of fact, all evidence which is relevant and presented by the State or a party in a law suit is prejudicial. It is introduced for the very purpose of influencing the jury. It is only when evidence is irrelevant, regardless of its damaging (i.e. prejudicial) nature, that it becomes inadmissible.

The fact that the details of a murder may be gory, revolting or inflammatory when presented to a jury is no grounds for excluding such evidence, as revealed by the cases cited above. No crime is a "tea party." Life is real, and the jury is entitled to all the details of the acts of a defendant relating to the crime. No defendant in a criminal case is entitled to have the revolting, inflammatory and gory details relating to the crime excluded, if evidence shows he participated in the activities and brought about such a condition. To hold otherwise would be to throw a cloak of protection about those guilty of horrible, revolting and gory acts which they themselves create.

The judgment of the trial court is affirmed.

Myers, C. J. and Rakestraw, J., concur. Jackson, J., dissents with opinion. Achor, J., not participating.

### Dissent

JACKSON, J.—I am unble to concur in the majority opinion. By this dissent I do not mean to say that the appellant may

not be guilty of the crime with which he was charged. I do say that from the evidence adduced it appears that appellant was charged by indictment with the crime of murder in the second degree of one William Robert Bray, and convicted thereof by evidence that he afterwards shot officer Dashiell of the Indianapolis Police Department.

Appellant objected to the introduction of State's exhibits 3, 4, 5 and 6. These exhibits were photographs taken after the alleged murder and in connection with the shooting of officer Dashiell, and in my opinion, were improperly admitted and such admission constituted reversible error. Further admission of the testimony of one Bill Northerner as to the shooting of officer Dashiell, over the objection of appellant, in my opinion, constituted reversible error. The exhibits and the testimony of the witness related to events occurring after the commission of the crime, and must be presumed to be prejudicial for the reason that they do not tend to prove any of the elements of the crime charged. *Loveless* v. *State* (1960), 240 Ind. 534, 166 N. E. 2d 864; *Hergenrother* v. *State* (1939), 215 Ind. 89, 18 N. E. 2d 784; *Miller* v. *State* (1910), 174 Ind. 255, 91 N. E. 930.

There is no evidence in the record of officer Dashiell's testimony as to the particulars of the broadcast, after which he attempted to stop the appellant, as to whether the car in which appellant was found to be riding was stolen, whether the occupants were wanted, or whether or not the occupants of the automobile should be apprehended.

Exhibits five and six certainly can throw no light on the crime with which appellant was charged. Exhibit five is identified as the appellant lying in a pool of blood after he was shot by other officers after he had shot officer Dashiell. Exhibit six is a picture of the car in which appellant was riding showing the right front door open, a firearm laying on the floor, and what appears to be blood on the seat and floor of the front of the automobile. Exhibit six is identified by officer Graham as "[t]hat's a gun that was laying there

that I picked up after Meridith was lain out on the ground." Again it is true that exhibit six is a photograph taken after other officers had shot appellant after he shot officer Dashiell. These exhibits were improperly admitted in evidence, shown to the jury and commented on, and their admission under the circumstances present in this cause constituted reversible error.

Appellant's point, that the evidence relative to the shooting of officer Dashiell was prejudicial and that the constant repetition of the same evidence so inflamed the jury that it clouded the evidence that was submitted with regard to the charge of second degree murder, is in my opinion well taken.

The cause should be remanded with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 214 N. E. 2d 385.