EDDIE QUINN *v.* STATE OF INDIANA.

[No. 176S29. Filed November 10, 1976.]

*Richard D. Gilroy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by indictment with first degree murder. Trial by jury resulted in a verdict of guilty of second degree murder. Appellant was sentenced to life imprisonment.

The record reveals the following facts: On February 15, 1975, the appellant was at home with his wife when his 18 year old daughter returned with a boyfriend from visiting with her grandmother. Another boyfriend was waiting for her at her house. The appellant immediately became abusive to his daughter because of her attentions to her boyfriends. Appellant became so abusive to the daughter that his wife intervened on the daughter's behalf and asked her to leave the house and call the police. Appellant tried to prevent the daughter leaving, however she managed to get out the back door with the help of the intervention of her mother. She went to a neighbor's house and called the police but, by the time the police arrived, appellant's wife was dead of a gunshot wound. Appellant admits it was his gun that killed his wife however he states that during a heated argument, while he was holding the gun in his hand, his wife hit at the gun causing it to discharge and fatally wound her.

Prior to trial the State moved the court to allow introduction of evidence concerning the appellant's rape of his daughter. It was the State's position that this evidence would establish motive for the murder of appellant's wife. The appellant objected to this procedure; however the trial court overruled the objection in part and sustained it in part, in that the court permitted the admission of the evidence of the appellant's alleged misconduct for the limited purpose of showing motive and nothing else. The court would not permit the introduction of the evidence of other criminal charges which were pending against the appellant.

Appellant concedes in his argument that under certain circumstances it is permissible to show the commissions of other crimes when the motive, malicious intent or guilty knowledge of the defendant is an issue, citing *Vandeveer* v. *State*, (1971) 256 Ind. 509, 269 N.E.2d 865 and *Loveless* v. *State*, (1959) 240 Ind. 534, 166 N.E.2d 864. Appellant argues however that the case at bar does not come within these exceptions. With this we do not agree. In the case at bar the appellant freely admits that it was

his gun that killed his wife and that the killing occurred in the course of an argument. However he states the killing was accidental and that he had no intention of shooting his wife. With these contentions on the part of the appellant the testimony of the daughter became pertinent to establish the situation which existed between the husband and wife immediately prior to the killing. The daughter's testimony was that six months prior to the killing she had been raped by her father, that he had become extremely jealous of her attentions to other men and that her mother knew about the rape. The daughter also testified concerning her mother's intervention in her defense on the night of the killing. There is ample evidence in this record from which the jury could reasonably conclude that the appellant killed his wife because she intervened between him and his daughter. Contrary to appellant's contention we hold the cases above cited support the trial court in its ruling in permitting the evidence. This same principle of law was recently stated in the case of *Jenkins* v. *State*, (1975) 263 Ind. 589, 335 N.E.2d 215, 49 Ind. Dec. 159.

Appellant next claims the trial court erred in permitting introduction of State's exhibits 5, 6, 7 and 16, over his objection. Exhibits 5, 6 and 7, are pictures of decedent's body at the scene of the crime. Exhibit 16 is a picture of the upper half of decedent's body taken after the body had been removed from the scene of the crime. There is nothing unusual about any of these photographs. It is certainly true they do not present a pleasant sight. Certainly a color photograph of a person who has been shot can be described as a gruesome sight; however in each instance the picture shows the body of the decedent to be in a natural state immediately following the crime. So long as pictures involving a crime such as those in this record are relevant to the questions at issue they are admissible. The mere fact that they may be gory, revolting or inflammatory does not make them inadmissible. *Soleto* v. *State*, (1976) 264 Ind. 298, 342 N.E.2d 844, 51 Ind. Dec. 578; *Wilson* v. *State*, (1975)

263 Ind. 469, 333 N.E.2d 755, 48 Ind. Dec. 663; *Meredith* v. *State*, (1966) 247 Ind. 233, 214 N.E.2d 385, 7 Ind. Dec. 692. We therefore hold the trial court did not err in admitting the photographs in evidence.

We find no reversible error in this record. The trial court is in all things affirmed.

Arterburn, DeBruler and Prentice, JJ., concur; Hunter, J., dissenting with opinion.

### DISSENTING OPINION

HUNTER, J.—I respectfully dissent from the majority position in regard to the admissibility of the testimony of appellant's daughter concerning a prior incestuous relationship between appellant and his daughter.

The majority correctly states that evidence of prior criminal acts may sometimes be admitted to show motive. However, in this instance, I believe this Court is in error. Professor McCormick cautions us to be aware of mechanically finding a situation in which an exception exists and blindly applying it:

> "Most of the opinions ignore the problem and proceed on the assumption that the decision turns solely upon the ascertainment and application of a rule. If the situation fits one of the classes wherein the evidence has been recognized as having independent relevancy, then the evidence is received and otherwise not. . . . But problems of lessening the dangers of prejudice without too much sacrifice of relevant evidence can seldom if ever be satisfactorily solved by mechanical rules. And so here there is danger that if the judges, trial and appellate, *content themselves with merely determining whether the particular evidence of other crimes does or does not fit in one of the approved classes, they may lose sight of the underlying policy protecting the accused against unfair prejudice. McCormick on Evidence*, § 190 at 453 (2d edition, 1972) [emphasis added.]

From the fact that the father raped his daughter, the majority would have us infer that he then intentionally shot his wife six months later. Had the father been on trial for

the murder of his daughter, my resolution of the question would be different. However, in the case before us, the remoteness of the incestuous relationship, both in time and in relevance to the crime charged, and the potential of the evidence to inflame the jurors in a wave of hostility so as to prevent them from a rational decision concerning appellant's guilt or innocence of the crime on trial, preclude its admission.

Again quoting from Professor McCormick:

> "The leeway of discretion lies rather in the opposite direction, empowering the judge to exclude the other-crimes evidence, even when it has substantial independent relevancy, if in his judgment its probative value for this purpose is outweighed by the danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial."

*Id.*

For the above reasons, I dissent with the majority opinion and would reverse the appellant's conviction and remand for new trial.

NOTE.—Reported at 356 N.E.2d 1186.