## TOMMY KEATON, JR. *v.* STATE OF INDIANA

[No. 3-378A60. Filed September 21, 1978.]

*Paul T. Cholis*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Dennis K. McKinney*, Deputy Attorney General, for appellee.

STATON, J. — Tommy Keaton, Jr., waived trial by jury. The court convicted him of assault and battery with intent to gratify sexual desires. Keaton appeals this conviction and states that (1) the court erred by admitting testimony of his flight from custody and (2) there was insufficient evidence to support the judgment. We affirm.

It is still the law in Indiana that evidence of flight is admissible as indicative of consciousness of guilt. *Layton v. State* (1968), 251 Ind. 205, 240 N.E.2d 489; *Meredith v. State* (1966), 247 Ind. 233, 214 N.E.2d 385; *Anderson v. State* (1886), 104 Ind. 467, 4 N.E. 63. Keaton argues on appeal that he did not flee because he was guilty of the crime charged, but rather because he was on probation and was in fear that his probation would be revoked. Keaton testified at trial and explained his flight by saying "I was scared. I didn't want to go to jail for something I didn't do and I know I didn't do." Reasons for escape or flight relate to the weight to be given evidence rather than the admissibility of evidence. *Harms v. State* (1973), 156 Ind.App. 123,

295 N.E.2d 156. While evidence of flight *alone* is not a reliable indicium of guilt (*Henderson v. State* [1977], 173 Ind.App. 505, 364 N.E.2d 175; *Bradley v. State* [1972], 153 Ind.App. 421, 287 N.E.2d 759), when there is other, direct, convincing evidence of guilt, admission of evidence of flight is not necessarily error. *Henderson v. State, supra.*

The victim of the assault testified that Keaton approached her, walked with her, and then attacked her behind the Planned Parenthood building. The impact of her story is cushioned somewhat by her admission (and corroborating evidence) that she was found, after the assault, walking with Keaton. She further admitted that she had first denied that any sexual assault had occurred. However, there was also evidence that she was found to be disheveled, that she had been scared to run from Keaton, that her jeans were ripped, that she had blood and dirt on her arms, and that she was ashamed or embarrassed to tell police the real story at first. The victim was fifteen years old. She explicitly identified Keaton at trial. The uncorroborated testimony of a victim is sufficient, by itself, to support a conviction. *Hightower v. State* (1973), 260 Ind. 481, 296 N.E.2d 654. We need not, and shall not, weigh evidence upon appeal. *Shank v. State* (1972), 154 Ind.App. 147, 289 N.E.2d 315. There was a plethora of evidence supporting the trial court's judgment.

The conviction is affirmed.

Chipman, J. (by designation), Concurs;

Garrard, P.J., Concurs in Result.

NOTE—Reported at 380 N.E.2d 587.