Eddie Rufus QUINN, Petitioner,

v.

Jack R. DUCKWORTH, Warden, and Indiana Attorney General, Respondents.

No. S 83–255.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 3, 1983.

Eddie Rufus Quinn, pro se.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In accord with *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with and carefully examined by this court.

Petitioner was convicted in a state court jury trial of second-degree murder, for which he received a sentence of life imprisonment. This conviction was affirmed on direct appeal to the Indiana Supreme Court. *Quinn v. State,* 265 Ind. 545, 356 N.E.2d 1186 (1976). Subsequently, petitioner filed for post-conviction relief under the Indiana post-conviction remedies statute. That motion was denied, and on June 10, 1982, the Indiana Supreme Court unanimously affirmed the trial court's judgment. *Quinn v. State,* Ind., 436 N.E.2d 70 (1982). It is uncontroverted that petitioner has exhausted his available state court remedies in accord with 28 U.S.C. § 2254(b), (c). *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18,

70 L.Ed.2d 1 (1981); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Therefore, this court turns now to an examination of the merits of petitioner's claim.

### I.

Petitioner alleges that the trial court erred by allowing the testimony of his daughter to be admitted, which testimony was to the effect that he had raped his daughter prior to the murder of his wife.

Before trial the State moved to allow this testimony in order to establish motive for the murder of petitioner's wife. Petitioner objected to the motion but the trial court ruled that the evidence would be admissible for the purpose of establishing motive. A careful examination of the record reflects that the issue of motive was at the center of petitioner's defense at trial.

Petitioner testified (Tr. R. 364–393) [1] that he denied intentionally killing his wife, but explained how he and she were close together while in argument (Tr. R. 375–376; Tr. R. 387–391) and told of the words between them; that as he held the pistol, she struck it with her hand and "it went off" (Tr. R. 375, L. 11).

Much of the evidence as to the motive for the crime was presented by the testimony of the petitioner's daughter. The daughter of petitioner and decedent, Sylvia Quinn, age 18, testified as to the activities of petitioner and his wife (her mother) just before the time of death, i.e., of arguments and fighting between them and strong words and petitioner's threats to her, causing her to leave the house and phone for police officers to come (Tr. R. 180–186); that afterwards petitioner said he had killed the decedent (Tr. R. 185, L. 26). She identified photos of the interior and exterior of the residence where death occurred (Tr. 187–188). She also identified photos of her mother's body after death (Tr. R. 189). These photos were introduced as State's

---

1. Reference to the transcript of the original proceedings are Tr. R.; reference to the post-

conviction relief proceedings are R. PCR.

exhibits and admitted in evidence. She also stated her father, petitioner, raped her about six months prior to the date of her mother's death and that her mother was aware of the fact. (Tr. R. 182, R. 199–200).

While this court is not untroubled by the admission into evidence testimony of an act allegedly occurring some six months prior to the crime in question, this court acknowledges the limited scope of its review in habeas proceedings. *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Greider v. Duckworth,* 701 F.2d 1228, 1234–35 (7th Cir.1983).

■ As noted above, motive for the murder was at issue. The evidence of the rape of the petitioner's daughter was properly admitted to show that petitioner held the decedent in contempt prior to the commission of the crime. Fed.R.Evid. 404(b), *United States v. McPartlin,* 595 F.2d 1321 (7th Cir.), *cert. den.* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979). *United States v. Verkuilen,* 690 F.2d 648 (7th Cir.1982).

## II.

■ Petitioner claims that evidence has been newly discovered in the form of the statements of his daughter that she perjured herself during the trial. Petitioner argues that he should be retried because at the PCR hearing petitioner's daughter testified that she was lying when she said her father was mean to her and had at one time raped her (R. PCR 197).

Upon review of this issue the Supreme Court of Indiana found as follows:

As we have often said, a judge at a post-conviction hearing has the responsibility of determining the credibility of the witnesses and his determination will be reversed only when the evidence is without conflict and leads unequivocally to the opposite result. *Baker v. State,* (1980) —— Ind. ——, 403 N.E.2d 1069; *Roberts v. State,* (1975) 263 Ind. 53, 324 N.E.2d 265. The credibility of this witness was a matter for the trial judge to determine. Since the new trial was requested based on newly discovered evidence, the defendant must establish:

"(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result."

*Emerson v. State,* (1972) 259 Ind. 399, 407, 287 N.E.2d 867, 871–2. It is apparent that the trial judge considered the fact that the witness was the daughter of the appellant and after the passage of five years, was willing to testify at his post-conviction hearing in an attempt to help free him at this time.

Ind., 436 N.E.2d at 73.

Paragraph 7(d) of petitioner's amended petition for Post conviction relief asserts that newly discovered evidence (perjured testimony of daughter of petitioner) had just come to the attention of petitioner (R. PCR 151).

The court found at paragraph 4 of its conclusions of law that "petitioner had failed to meet his burden of proof as to allegation 7(d) in his Petition for Post Conviction Relief" (R. PCR 227).

Recantation of testimony given on trial is looked upon with the utmost suspicion. *United States v. Troche,* 213 F.2d 401 (2d Cir.1954). In a habeas proceeding the following test is applied to determine if a witness' recantation necessitates a new trial:

1. Is the court reasonably well satisfied that the testimony given by a material witness is false;

2. Without the testimony the jury might have reached a different conclusion; and

3. The party seeking a new trial was taken by surprise when the false testimony was given. *United States ex rel. Rice v. Vincent,* 491 F.2d 1326 (2d Cir.), *cert. denied,* 419 U.S. 880, 95 S.Ct. 144, 42 L.Ed.2d 120 (1974).

The PCR Court clearly held that the testimony of petitioner's daughter was not credible.

Newly discovered evidence must bear on the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Due process is violated under such circumstances only if the prosecutor invoked perjured testimony or was aware of its use at trial. *Mooney v. Holohan,* 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As for the decision to grant a new trial such is usually addressed to the sound discretion of the trial court. *United States v. Sposato,* 446 F.2d 779 (2d Cir.1971).

The fact finding process as evidenced by the record of the hearing on the PCR afforded petitioner all constitutional protections. *Drake v. Wyrick,* 640 F.2d 912 (8th Cir.1980); *Burks v. Egeler,* 512 F.2d 221 (6th Cir.), *cert. denied,* 423 U.S. 937, 96 S.Ct. 297, 46 L.Ed.2d 270 (1975); *United States ex rel. Sostre v. Feston,* 513 F.2d 1313 (2d Cir.), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975); *Fast v. Wainwright,* 439 F.2d 1162 (5th Cir.1971); *Mapp v. Clement,* 451 F.Supp. 505 (S.D.N.Y.), *aff'd,* 591 F.2d 1330 (2d Cir.1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1428, 59 L.Ed.2d 637 (1979).

There appearing no merit to either of petitioner's contentions, the writ is DENIED, petition DISMISSED. SO ORDERED.