Randy B. SPINKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285 S 499.

Supreme Court of Indiana.

May 11, 1987.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction by a jury of the offense of murder. A forty-five year sentence resulted from that conviction.

There are two issues presented on appeal: (1) whether there was sufficient evidence presented from which a jury could find appellant guilty of the crime of murder beyond a reasonable doubt; and (2) whether the admission of a photograph depicting the victim following numerous surgical procedures was prejudicial to appellant and requires reversal of his conviction.

I

Appellant contends the State presented insufficient evidence from which a jury could determine guilt beyond a reasonable doubt and that he was denied his lawful presumption of innocence.

In reviewing sufficiency claims we will neither weigh the evidence nor determine the credibility of witnesses but will look only to the evidence tending to support the verdict and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which a trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Bowen v. State* (1985), Ind., 478 N.E.2d 44; *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

These are the facts from the record which tend to support the determination of guilt: On November 17, 1980, Debra Terhune, Michelle Shift (or Schiff), Karen Koomler and Leander Billiot were present at the home of Randy Spinks (appellant) and Jessica Winters. Debbie Terhune and Jessica Winters engaged in a fight and Randy Spinks intervened by kicking Debbie Terhune in the face. When Terhune attempted to leave, Spinks caught her, beat her, handcuffed her, and forceably took her into the bedroom. The confrontation between the two continued and Spinks stated "you don't think I'll shoot you, do you", then entered the living room, picked up a gun, returned to the bedroom and a shot was fired. Jessica Winters came running out of the bedroom and said he shot her. Leander Billiot instructed Karen Koomler to get her things and Spinks requested Billiot dispose of the gun. Billiot and Koomler departed and threw the gun in a field and Jessica Winters called the police. Billings

and Koomler later contacted the Anderson Police Department and reported witnessing a shooting and the Anderson Police Department put them in touch with Indianapolis police. Billiot and Koomler assisted in locating the gun and testified at trial against Spinks. Terhune died on December 12, 1980, from complications resulting from the gunshot.

The State did present sufficient evidence from which a trier of fact could conclude to a moral certainty beyond a reasonable doubt that appellant did knowingly shoot and kill a human being as charged.

## II

■ Appellant urges the trial court erred by permitting introduction into evidence of a photograph of Debra Terhune. The photograph was taken more than a month after the shooting and revealed surgical scars and other evidence of medical procedures in addition to the gunshot wound. Appellant's contention is that the photograph was not relevant and only served to inflame the jury.

> "To be admitted, it must first be established that the photographs are a true and accurate representation of the things they are intended to portray. *Johnson v. State* (1972), 258 Ind. 648, 283 N.E.2d 532. Their relevancy is determined by whether a witness would be permitted to describe verbally that which the photograph depicts. *Murphy v. State* (1977), 267 Ind. 184, 369 N.E.2d 411. Although the photographs may depict gory, revolting or inflammatory details of the crime when presented to the jury, this is not a sufficient basis for excluding such evidence. *Sotelo v. State* (1976), 264 Ind. 298, 342 N.E.2d 844; *Meredith v. State* (1966) 247 Ind. 233, 214 N.E.2d 385."

*Wilson v. State* (1978), 268 Ind. 112, 374 N.E.2d 45.

The photograph served to clarify testimony concerning the cause of death and therefore was relevant. The fact that it was an autopsy photograph and taken well after the shooting does not negate its relevancy. The surgical scars were a result of attempts to save Terhune's life after she was

shot and there was testimony concerning these measures in order to correlate the gunshot with Terhune's death.

The conviction is affirmed.

SHEPARD, C.J., GIVAN, PIVARNIK and DICKSON, JJ., concur.