929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Earl D. MORGAN, Petitioner/Appellant,
v.
Robert BRONNENBERG and Indiana Attorney General,
Respondents/Appellees.
 No. 90-2000.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1991.*
Decided March 29, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 89 C 519, Allen Sharp, Judge.
 N.D.Ind.
 AFFIRMED.
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Earl D. Morgan appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 I. BACKGROUND
 
 2
 Earl D. Morgan was convicted of robbery and sentenced to 40 years in prison. On direct appeal, the Indiana Supreme Court affirmed the conviction. Morgan v. State, 419 N.E.2d 964 (Ind.1984). Morgan then sought post-conviction relief, which was denied. That denial was affirmed by the Indiana Court of Appeals. The Indiana Supreme Court declined to review the decision by the Court of Appeals.
 
 
 3
 The issues that Morgan raised in his petition for writ of habeas corpus were identical to those he raised in the appeal of his post-conviction petition to the Indiana Court of Appeals: 1) whether the post-conviction trial court properly denied his request for a new trial based on newly discovered evidence; 2) whether he was denied his right to testify in his own behalf at his trial; and 3) whether he was denied effective assistance of counsel by his post-conviction trial counsel. Having been denied habeas relief in the district court, Morgan raises these same issues before us. He asks this court to vacate his sentence, or, in the alternative, to remand his case for further proceedings.
 
 II. ANALYSIS
 
 4
 Morgan first argues that his constitutional rights were violated when the post-conviction court denied his request for a new trial. The basis of the request was certain newly discovered evidence consisting of the recantation by both of his codefendants of their trial testimony. The recantation allegedly cleared Morgan of any involvement in the robberies.[1] Morgan claims that his newly discovered evidence fulfilled the requirements for a new trial under Indiana law. Morgan received a full post-conviction hearing at which this newly discovered evidence was evaluated. The post-conviction judge, who was the same judge that presided over Morgan's trial, specifically found that the recantation statements lacked credibility and denied a new trial. The Indiana appellate court reviewed the denial and found that the post-conviction court did not abuse its discretion in denying a new trial. Moreover, it found that Morgan had not shown that the recantations were credible and added that incarcerated codefendants have nothing to lose by accepting full responsibility for a crime.
 
 
 5
 In a habeas petition, the petitioner must show a violation of the federal constitution in order to obtain relief. Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988). When newly discovered evidence that bears on the constitutionality of the petitioner's detention is alleged in a habeas application, the federal court must grant an evidentiary hearing if the evidence could not have reasonably been presented to the state trier of fact. Townsend v. Sain, 372 U.S. 293, 317 (1963). Therefore, when reviewing a claim of newly discovered evidence, the federal court examines the claim to determine whether the evidence is in fact newly discovered and whether the petitioner received a full and fair evidentiary hearing in the state court on the issues tendered by the defendant. Id. at 313-14, 319.
 
 
 6
 Newly discovered evidence is evidence which "the petitioner reasonably either did not know about ... or could not have presented ... at an earlier proceeding." United States ex rel. Shore v. O'Leary, 833 F.2d 663, 669 (7th Cir.1987). This case does not meet the standard of newly discovered evidence. Morgan knew whether his codefendants were lying during his trial. Morgan had an opportunity to cross-examine them and impeach their testimony.
 
 
 7
 Morgan contends that he did not receive a full and fair hearing because the post-conviction court never subpoenaed witnesses and that their credibility should have been established at the hearing. Contrary to Morgan's contention, the district court found that Morgan had received a full and fair hearing on this issue. A state trial court has discretion whether to grant or deny a new trial in a criminal case. Quinn v. Duckworth, 567 F.Supp. 518, 521 (N.D.Ind.1983), aff'd without opin., 749 F.2d 34 (7th Cir.1984). Here, the same judge who presided at Morgan's trial presided at his post-conviction hearing. The Indiana Court of Appeals found that the post-conviction judge took judicial notice of the previous trial and found that the recantations were not credible. We do not redetermine credibility in a federal habeas proceeding. See 28 U.S.C. Sec. 2254(d); Smith v. Cadagin, 902 F.2d 553, 553 (7th Cir.1990) (factual determinations made by the state court are presumed correct in a federal habeas proceeding). Morgan has not shown a denial of his constitutional rights.[2]
 
 
 8
 Secondly, Morgan argues that he was denied his constitutional right to testify in his own behalf at his trial. Specifically, he states that he "could not testify" out of fear of implicating his cousin in other robberies. Morgan did not raise this issue on direct appeal. "Issues that could have been raised on direct appeal, but were not, are generally considered waived for purposes of the Indiana post-conviction remedy." Sotelo v. Indiana State Prison, 850 F.2d 1244, 1252 (7th Cir.1988). Agreeing with the post-conviction court that Morgan had waived his right to testify under Indiana law, the judgment of the Indiana appellate court rested on a state procedural bar, rather than on the merits of Morgan's claim.
 
 
 9
 The Supreme Court has held that a procedural default bars consideration of a federal claim on habeas review if the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. Harris v. Reed, 489 U.S. 255, 265 (1989). Because the last state court to address this issue expressly found waiver of a federal right, Morgan must show cause and prejudice for his failure to comply with the state's procedural rules before he can obtain federal habeas relief. Clark v. Duckworth, 906 F.2d 1174, 1178 (7th Cir.1990). Morgan did not allege cause and prejudice for his procedural default. Although he asserts that he "could not testify" at his trial, he has not explained why he did not raise this issue on direct appeal. Therefore, he has waived this claim in federal court. Williams v. Chrans, 894 F.2d 928, 933 (7th Cir.1990). The district court correctly denied him habeas relief on this issue.
 
 
 10
 Even if we were to loosely infer an allegation of cause and prejudice in Morgan's claim, see Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990) (we construe pro se litigants' briefs liberally), he would not be entitled to habeas relief. It was Morgan's choice not to testify, and as such he was not denied his constitutional right. Ferguson v. Georgia, 365 U.S. 570, 602 (1961) (Clark J., concurring) (exercise of constitutional right is to choose between silence and testifying). Because Morgan cannot show cause for his procedural default, we need not reach the issue of prejudice. Mikel v. Thieret, 887 F.2d 733, 737 (7th Cir.1989).
 
 
 11
 Lastly, Morgan contends that his post-conviction counsel's assistance was constitutionally ineffective. His argument rests on the Sixth Amendment right to counsel and the standards set forth by the Supreme Court decision in Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has held, however, that "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In order for a habeas petitioner to assert ineffective assistance of counsel, he must first have a right to counsel. Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990). Because prisoners have no constitutional right to counsel while mounting collateral attacks on their convictions, they have no right to "effective" assistance of counsel in those instances. Prihoda v. McCaughtry, 910 F.2d 1379, 1386 (7th Cir.1990). Morgan's post-conviction hearing was a collateral attack on his conviction. Consequently, Morgan had no constitutional right to effective assistance of counsel in that proceeding.[3]
 
 
 12
 The petition fails to state a federal constitutional claim. Therefore, it cannot provide a basis for federal habeas corpus relief. Williams, 894 F.2d at 937. Accordingly, the district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 One codefendant had denied any involvement in the robbery and did not implicate Morgan. The other codefendant had entered into a plea agreement with the state and testified against his codefendants
 
 
 [2]
 In addition, the district court found that the recantation did not meet the rule of Larrison v. United States, 24 F.2d 82, 87-88 (7th Cir.1928), which established the criteria in this circuit for granting new trials where false testimony is alleged. This rule, however, is "generally applicable to motions for a new trial under Rule 33, F[ed].R.Crim.P. ... and not to habeas corpus proceedings where a violation of constitutional rights must be shown." United States ex rel. Williams v. Walker, 535 F.2d 383, 387 (7th Cir.1976)
 
 
 [3]
 Morgan characterizes his post-conviction hearing as a criminal proceeding, whereas post-conviction proceedings are considered to be civil in nature. Finley, 481 U.S. at 557