BARNES, Judge,
dissenting.
I respectfully dissent. I am familiar with and have read the decision in Meehan v. State, 7 N.E.3d 255 (Ind.2014). I do not believe that case demands or commands that the basic and longstanding tenets of the definition of “proof beyond a reasonable doubt” be altered. Others may disagree.
Some time ago, our supreme court stated:
The rule of law defining proof beyond a reasonable doubt has been well settled for many years and requires each juror to be so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own dearest and most important interests, under circumstances where there was no compulsion or coercion upon him to act at all. The standard of a prudent man is that of a reasonable man. If different persons might reasonably arrive at different conclusions from that reached by the trial jury, the verdict will not be set aside for that reason. On the other hand if no reasonable man could find the evidence has proved an accused guilty beyond a reasonable doubt, a verdict would not be sustained by sufficient evidence.
Baker v. State, 236 Ind. 55, 61, 138 N.E.2d 641, 644-45 (1956), overruled on other grounds by Davis v. State, 249 Ind. 373, 232 N.E.2d 867 (1968) (citations omitted). Certainly, our review of the sufficiency of the evidence supporting a conviction is deferential. But, more recently, our supreme court has observed:
Although this standard of review is deferential, it is not impossible, nor can it be. The Indiana Constitution guarantees “in all cases an absolute right to one appeal.” Ind. Const, art. VII, § 6. An impossible standard of review under which appellate courts merely “rubber stamp” the fact finder’s determinations, no matter how unreasonable, would raise serious constitutional concerns because it would make the right to an appeal illusory.
Galloway v. State, 938 N.E.2d 699, 709-10 (Ind.2010).
A bit of review is in order. An alarm sounds, police are dispatched. While nearing the building from which the alarm emanated, an officer sees a black man running in a direction away from the building, approximately 100 yards in the distance. This man was Willis, and he was convicted of trespass. There is no evidence tying Willis to the scene. No fingerprints were recovered on the vending *464 machine or on any doors. No footprints were found inside or outside the building. No connection was made between Willis and the car police discovered outside the building with its doors and trunk open.
The entirety of the evidence upon which Willis was convicted was the fact that he was seen running at a distance of approximately 100 yards. I am not convinced that this evidence can be construed as Willis’s fleeing from the scene of the crime. Even though we are bound to give the State a reasonable inference here, it is well-settled Indiana law that flight from a crime scene, in and of itself, is not sufficient to sustain a conviction. See Dill v. State, 741 N.E.2d 1230, 1282-33 (Ind.2001); Banks v. State, 257 Ind. 530, 538-39, 276 N.E.2d 155, 159 (1971); Keaton v. State, 177 Ind.App. 547, 548, 380 N.E.2d 587, 588 (1978). We are not in the business of horseshoes and hand grenades, where “close” is good enough. I am convinced the State has failed in its burden of proof and vote to reverse.