Craig Allen SCOTT, Appellant,

v.

STATE of Indiana, Appellee.

No. 780S207.

Supreme Court of Indiana.

Sept. 11, 1981.

Douglas D. Seely, Jr., Mishawaka, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

The defendant, Craig Allen Scott, was convicted by a jury of felony murder, Ind. Code § 35–42–1–1(2) (Burns 1979 Repl.) and was sentenced to serve a period of thirty (30) years imprisonment. Nineteen specifications of error were assigned in the motion to correct errors but appellant has chosen to argue only fourteen. The brief did not contain a statement of the issues but the fourteen errors argued may be grouped into six issues as follows:

1.  Did the trial court err in not granting the appellant a separate trial?

2.  Did the state comply with the discovery order?

3.  Did the court err in admitting hearsay evidence?

4.  Did the court err by admitting in evidence the confession of co-defendant Otis Chandler?

5.  Did the court err in not forcing the state to disclose the identity of the confidential informant?

6.  Did the court err in limiting the cross-examination of the witness Officer Mahank?

The evidence most favorable to the state reveals that on the afternoon of September 18, 1978, appellant and others burglarized the residence of Telesfor Radomski. During the course of the burglary Mr. Radomski appeared and was shot and killed. Appellant and co-defendants Otis Chandler and Dennis Knight were jointly indicted and tried together. At their trial Chandler's written confession was introduced in evidence. Scott and Chandler were found guilty, and Knight was found innocent. The conviction of the co-defendant Chandler was recently affirmed by this court in an opinion by Hunter, J., appearing at 419 N.E.2d 142. Chandler raised issues similar to the ones raised and considered here.

I.

Appellant claims the denial of his motion for a separate trial subjected him to "guilt by association." This argument is

weakened by the fact that defendant Dennis Knight was found innocent. The decision to grant a separate trial is within the discretion of the trial court judge and appellant must show that the denial of a separate trial subjected him to such prejudice that the trial court may be said to have abused its discretion. *Chandler, supra; Gutierrez v. State,* (1979) Ind., 395 N.E.2d 218, 221; *Rogers v. State,* (1978) Ind., 375 N.E.2d 1089, 1091; *Ortiz v. State,* (1976) 265 Ind. 549, 561, 356 N.E.2d 1188, 1195.

■ Appellant primarily claims he was prejudiced by the admission into evidence of a written confession of co-defendant Chandler. The statement was read to the jury after the judge admonished them "that the statement made herein is only attributable to Otis Chandler and not to any other defendant." The appellant's name was redacted by inserting "blank" where it appeared in the statement. Subsequently, Chandler, appellant and the third co-defendant testified. Appellant had an opportunity to cross-examine Chandler and also to answer the statements made therein. *Bruton v. U. S.,* (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; *Rogers v. State,* (1978) Ind., 375 N.E.2d 1089; *Sims v. State,* (1977) Ind., 358 N.E.2d 746.

There was other direct evidence presented by the State indicating appellant's participation in the crimes.

There is no error on this issue.

## II.

This court does not approve of the manner in which the prosecution conducted discovery but agrees with the trial judge that the State's conduct did not reach "the point that has prevented the defendants from having a fair trial or marshalling the defense of these causes." In addition, this same issue was decided earlier by this Court in *Chandler v. State,* (1981) Ind., 419 N.E.2d 142. In that case co-defendant Chandler appealed the very same issue under question here and we held that the State's action did not constitute noncompliance with the discovery order. There is no error on this issue.

## III.

■ Appellant's third issue involves the testimony of Artie Lamar James. It appears from the record that James was also involved in the burglary and murder but turned state's witness. Appellant complains of conversations between James, Otis Chandler, and Dennis Knight, and of telephone conversations between James, Chandler, and Knight because they were inadmissible hearsay as appellant was not present at the time the conversations took place.

Although this is all true, appellant fails to show how he was prejudiced by the admissions since none of the conversations related anything against him. It was expressly stated that Chandler and Knight were plotting the break-in and that appellant Scott was not present. James testified the telephone conversations were with Chandler and Knight after the crimes were committed. James asked each of them who got shot and they said they didn't know. Again appellant Scott was not mentioned.

The accepted definition of hearsay is as follows:

"Hearsay evidence is testimony in court, or written evidence, or a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter (McCormick, *Evidence* § 225)."

*Harvey v. State,* (1971) 256 Ind. 473, 476, 269 N.E.2d 759, 760.

In the case at bar, all the individuals taking part in the conversations were available in court and all took the witness stand. All were available for direct examination and cross-examination. Appellant's counsel cross-examined James. The major bar against admitting hearsay evidence is its insusceptibility to cross-examination. We have held that the availability of the declarant for cross-examination is a safeguard of paramount importance. *Patterson v. State,* (1975) 263 Ind. 55, 58, 324 N.E.2d 482, 485.

In the case at bar, this safeguard has been met and no harm was done to appellant by admitting the conversations.

## IV.

 Co-defendant Chandler gave the South Bend police a written confession after he was arrested. Chandler claims that at the time he made the statement he was under the influence of alcohol and marijuana, that he was not adequately informed of his rights, and that he did not understand the significance of the waiver he had signed. Appellant states that the trial court erred in introducing the confession because of the grounds stated above. Appellant does not spell out how he has standing to object to the admission of the confession but claims that its illegal introduction in evidence is relevant inasmuch as the confession tended to implicate and incriminate appellant. He raises the question in Chandler's behalf, however. This court has already decided that this very same confession was properly admissible as to Chandler. *Chandler v. State,* (1981) Ind., 419 N.E.2d 142, 147. Therefore, there is no error on this issue.

## V.

Officer Mahank took the stand as a witness for the prosecution. During cross-examination Mahank testified that he met with a confidential informant and they discussed this case. When defense counsel requested the name of this informant, the State objected and the court sustained the objection. Appellant argues that he has the right and need to face his accuser in order to test his credibility. Again, like the previous issue, this argument was heard in *Chandler, supra,* and we decided that the defendant in Chandler had not satisfied his burden that the "disclosure of the informant's identity would have been relevant and helpful to the defense or necessary to a fair trial." *Chandler,* Ind., 419 N.E.2d at 148. The same burden is on appellant in this case and one which he has not satisfied. Therefore, there is no error in sustaining the State's objection regarding the identity of the informant.

## VI.

Finally, appellant complains that the trial court should have permitted him to fully cross-examine Mahank. Appellant alleges that the court erred when defense counsel was precluded from questioning the officer as to whether he had withheld any police reports and evidence in a prior case. However, appellant has failed to support his allegations with discernible argument and cited authority as required by Ind.R.App.P. 8.3(A)(7). This issue is waived. *Millar v. State,* (1981) Ind., 417 N.E.2d 1105; *Guardiola v. State,* (1978) 268 Ind. 404, 375 N.E.2d 1105. In addition, this issue was heard in *Chandler, supra,* and we held that the trial court did not err in limiting defense counsel's cross-examination of Officer Mahank. *Id.,* 419 N.E.2d at 148.

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.