**Ronald E. McKINNEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1185S489.

Supreme Court of Indiana.

Aug. 7, 1986.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Ronald E. McKinney was convicted at the conclusion of a bench trial in the Marion County Superior Court of burglary, a class B felony, and theft, a class C felony. He was sentenced to fifteen (15) years for burglary and two (2) years for theft, to run concurrently. On direct appeal he raises the following issues:

1. whether the trial court erred in admitting Appellant's extra-judicial statement; and

2. whether there was sufficient evidence to convict Appellant.

On June 10 or 11, 1984, a television set was stolen from the residence of Kenneth and Joan Baker. About a week later, Ed Bramblett, an acquaintance of the Bakers,

told the Bakers he had seen their television in Appellant's residence. Bramblett also had observed the television set in Appellant's car on June 13, 1984. The serial number on the television set in Appellant's residence matched that of the Baker's missing set.

## I

■ Detective Joseph Hecko learned on July 24, 1984, that Appellant was being held in the Marion County Jail on charges unrelated to the present charges. Hecko had Appellant brought to his office and questioned him concerning the burglary and theft at the Baker residence. Appellant was given his *Miranda* rights and signed a waiver thereof. Appellant then admitted his participation in the burglary of the Baker residence.

Appellant now contends his statement should not have been admitted because it was induced by direct representations of a law officer that no other charges would be filed against him if he admitted the present charges, and was thus not freely given. We recently stated:

> "The admissibility of a confession ultimately depends upon questions of fact which are to be resolved by the [trier of fact]. This being so, the standard for appellate review of waiver of rights or admissibility of a confession are the same as any other fact finding issue. *Chandler v. State* (1981), 275 Ind. 624, 631, 419 N.E.2d 142, 147. If the evidence is conflicting, only that evidence which tends to support the trial court's ruling will be considered on appeal. If the trial court's ruling is supported by substantial evidence of probative value it will not be disturbed. It is for the trier of fact to resolve conflicts on the voluntariness of the confession and the reviewing court is bound by the trial court's resolution. The same is true of a waiver of rights. [citations omitted]."

*Coleman v. State* (1986), Ind., 490 N.E.2d 711, 712–713. *Coleman* is directly on point with the present case.

Here Appellant maintains Detective Hecko promised that if he would confess to the burglary he would receive a sentence of six (6) to twenty (20) years, and would not receive an habitual offender sentence. At the motion to suppress hearing, Detective Hecko testified that he told Appellant if he were involved in any other burglaries that Hecko would charge Appellant with only the one in the present case. Hecko denied making any promise concerning sentencing or habitual offender status. The trial court denied the motion to suppress.

The evidence which tends to support the trial court's decision reveals that Appellant's statement was not induced by promises concerning sentencing or habitual offender status. Rather, Detective Hecko merely informed Appellant that if he cooperated on this case and gave a "cleanup" statement concerning other burglaries he had perpetrated, only the present burglary and theft would be charged. Although Appellant subsequently was charged with being an habitual offender, the State moved to dismiss that charge and the motion was granted. In light of this, we hold Appellant's statement was made freely and voluntarily.

## II

■ Appellant further argues there was insufficient evidence to convict him of the burglary and theft. Much of his argument is based on his contention that his statement admitting the crimes was inadmissible. We already have found contrary to that contention.

The evidence in the present case shows that the television set was stolen around June 10 or 11, 1984. Ed Bramblett saw it in Appellant's car on June 13, 1984, and in his residence on about June 17 or 18, 1984. There is no question that it was the same television set, as the serial numbers matched. Furthermore, Appellant admitted that he and a friend, Jimmy Walsh, had pried open the screened porch to the Baker residence, entered the porch, and removed the television set with the intent to sell it.

Clearly this is sufficient evidence to sustain the convictions.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.