**Michael FORD, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 45–S–00–8601–CR37.

Supreme Court of Indiana.

March 2, 1987.

Robert R. Garrett, Public Appellate Counsel, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Michael Ford was tried before a jury and found guilty of felony-murder, Ind.Code § 35–42–1–1(2) (Burns 1985 Repl.). He was sentenced to fifty-five years in prison. The sole issue presented in this direct appeal is whether appellant's confession to the police was voluntary.

On February 22, 1985, three armed men entered the Beach Cafe in Gary at closing time. Bartender Barbara Miller and three patrons were leaving the bar when the men forced their way into the bar, yelling, "Hit the floor." The perpetrators demanded and took the patrons' money and wallets. While the customers were lying on the floor of the lobby, they heard one gunman say, "Take the gal inside and get the rest of the money." Shortly thereafter, the patrons heard a gunshot fired from the direction of the bar. After the perpetrators left, the patrons found Miller's body lying on the barroom floor. The owner of the restaurant determined that $607 was missing. An autopsy indicated that Miller died from a gunshot wound.

On March 26, 1985, FBI agent Marvin Thomas Allison arrested appellant at his girlfriend's house under an unlawful flight warrant. This arrest resulted from a prearranged plan that appellant would surren-

der to Allison. After appellant showered, dressed, and said good-bye to his girlfriend and baby, he went with Allison to Burger King for lunch with three city police officers. En route, appellant was advised of his rights and the basis for his arrest. At lunch, one detective read a state warrant to appellant and again advised him of his rights. However, the felony-murder case was not discussed during lunch. After lunch, Allison drove appellant to the station where he was processed.

At the station, the police advised Ford of his rights. Ford also read the *Miranda* rights on a form and stated that he understood his rights, which he acknowledged by writing his initials next to each right recited on the form. A waiver of rights statement was read to Ford and then signed by him. After the advisement and waiver, Ford gave a full confession to the police.

■ The waiver and rights form, which was stapled to Ford's statement, comprised State's exhibit 24. This exhibit was admitted into evidence over appellant's objections of improper foundation and hearsay. The court then read the confession to the jury, without objection by appellant. Appellate review of the voluntariness of a confession is foreclosed when the defendant did not object on this ground at trial. *Tabor v. State* (1984), Ind., 461 N.E.2d 118; *Vasquez v. State* (1983), Ind., 449 N.E.2d 284. In any case, the events preceding and surrounding the giving of the confession indicate that appellant's claim is without merit.

■ Appellant maintains that he confessed because the police had made threats against his life. Appellate review of a trial court's determination that a confession was given voluntarily necessarily leads to an examination of the evidence. When the evidence is conflicting, only that evidence which tends to support the trial court's ruling will be considered on appeal. *McKinney v. State* (1986), Ind., 496 N.E.2d 61.

■ The record shows that the accomplices were in police custody shortly after the crime was committed. The police went to the house of Dorothy Paxton, the mother of appellant's girlfriend, in search of Ford. However, he had left the state and was in Detroit. According to Paxton, seventeen officers came to her house on February 24th. Seven officers waited outside while ten officers entered the house, guns drawn. She testified that one officer told her that they were "after Michael Ford and they were going to kill him." Paxton encouraged Ford to surrender to Allison. Paxton testified that Allison also told her that the police would kill Ford. Allison testified that he did not tell Paxton that the city police would mistreat or kill appellant. Under these facts, we find that appellant's statement was not induced by the police.

■ Ford also claims that his confession was induced by police representations that accomplices had already implicated him in the crime. The record indicates that the police had statements from the accomplices a month before interrogating appellant. To encourage appellant to surrender, Allison told Ford that "other people were making statements saying that he was involved." Allison told appellant that it would be in his best interests to make a statement. Appellant was also informed during the interrogation that other statements given indicated his involvement. Vague and indefinite statements by the police which indicate it is in appellant's best interest to cooperate or to tell the real story are not sufficient inducements to render his subsequent confession inadmissible. *Fowler v. State* (1985), Ind., 483 N.E.2d 739.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARIK and DICKSON, JJ., concur.