James **HIGGASON**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 45S00–8605–CR–545.

Supreme Court of Indiana.

May 23, 1988.

Diane McNeal, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction of the offense of burglary, a class C felony. The trial court imposed a five year sentence for the burglary, enhanced by twenty years due to an habitual determination, for a total sentence of twenty-five years.

These are the issues presented for review: (1) whether appellant's arrest violated his constitutional rights; (2) whether the trial court erred in admitting State's exhibit No. 2; (3) whether the trial court erred in admitting State's exhibits 3, 4, 7, 10 and 13; (4) whether appellant was denied due process of law; (5) whether there was sufficient evidence presented to support the burglary conviction; (6) whether during the habitual phase the court erred in admitting State's exhibit "I"; (7) whether there was sufficient evidence presented to support the habitual determination; and (8) whether a future challenge to the validity of the prior unrelated felony convictions will be precluded due to failure to address the issues in this appeal.

These are the facts pertinent to the issues raised: During the early morning hours of September 4, 1985, two individuals entered the Whiting police station and informed police they had observed an individual, dressed in a multi-colored shirt, jeans, and a red bandana, going from garage door to garage door in a residential area, apparently attempting to gain entry. They also reported that a yellow automobile was involved and provided police with the license number. The police officers did not obtain identification information from the two individuals. Based upon the information received, Officers Gima and Detterline left the station to investigate the behavior and look for the described individual and vehicle. They spotted the vehicle and activated their siren and lights. The vehicle did not stop and a high speed chase ensued. The vehicle subsequently hit a parked car and the driver ran from the scene, pursued by both officers.

The pursuit ended at appellant's residence. The officers were given permission to enter by appellant's father and arrested appellant. Clothing matching that described by the original unidentified witnesses was found on the floor of the bedroom. Appellant's car was impounded by police, after it had been abandoned at the scene of the collision, and subjected to an inventory search by police after it was locked and towed to a police garage. That inventory

disclosed items stolen from Robert Samano's garage, which had been broken into that same night. A prybar was also recovered from the car and was determined to be the one used to gain entry to Samano's garage.

## I

■ Appellant contends that the police officers lacked both probable cause and reasonable suspicion to either arrest him or to conduct an investigatory stop and consequently their attempt to stop him while he was driving and his subsequent arrest violated his 4th and 6th Amendment rights. A police officer is justified in making an initial or investigatory stop of a person or automobile when at the time of the stop the facts known to the officer are such to warrant a man of reasonable caution in believing that an investigation is appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Broadus v. State* (1986), Ind., 487 N.E.2d 1298.

In the case before us, police were informed that an individual was seen going from garage door to garage door in a residential neighborhood at 5:00 o'clock in the morning. They were given a description of the man and the vehicle in addition to the license plate number. Upon observation of the vehicle still in the neighborhood where the suspicious behavior occurred, the officers were justified in stopping the car in order to question the occupant concerning this behavior. *Broadus, supra.*

■ Further, the events which occurred between the activating of the squad car lights and siren and appellant's arrest provided probable cause for that arrest and for the inventory search of his car. When the officers signaled for appellant to pull over, instead of complying he led officers on a high speed chase. He eventually crashed into a parked car, fled on foot, was followed by the officers and arrested at his residence. At this point he had at a minimum committed, in the presence of the officers, the offense of leaving the scene of a accident, thereby justifying his arrest. *See* I.C. 9–4–1–134. The admission of items seized pursuant to appellant's arrest was not error.

## II

■ At trial appellant asserted that the State violated the court's discovery order by failing to provide him with a copy of an inventory of the items recovered from appellant's car. He urges that the inventory was significant as there were certain items, namely a prybar, flashlight and a pair of gloves, which were found in the car but were not items stolen from the garage, thus indicating these items commonly used in burglaries belonged to appellant.

Appellant urges that the failure to produce this document prejudiced his case in that he might have entered plea negotiations had he been aware of this evidence. This argument, however, is too speculative to show prejudice. The trial judge sits in the best position to evaluate the impact of a discovery violation and to determine the appropriate sanction or remedy. *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142. Prior to the discovery of the alleged violation, Samano, the owner of the burglarized garage, testified without objection that the prybar, flashlight and gloves recovered did not belong to him. Admission of the inventory relating the same information later in the proceedings was merely cumulative. While the defense was entitled to all items covered by the discovery order, the decision of the trial court to admit this document cannot be considered error.

## III

Appellant asserts that the trial court erred by admitting State's exhibits 3, 4, 7, 10 and 13 due to the State's failure to establish a sufficient chain of custody. Exhibits 3, 4, and 7 are photographs of items removed from appellants car, exhibit 10 is a prybar, and exhibit 13 is a lock from Samano's garage.

■ The chain of custody for the photographs is questioned based on the fact that appellant's car was stored in a police garage to which numerous people had access and the fact that the photographs depict

items which were not listed on the inventory sheets. Appellant urges that the car was stored for twelve days between the time it was towed to the garage and the time it was inventoried and that the evidence could have been intentionally or accidentally substituted. As support he points out that items in the photograph do not appear on the inventory sheets.

The record does not support appellant's contention that twelve days elapsed between the date of seizure and the inventory. Rather, both occurred the same day, September 4, 1985, which was also the day the photographs were taken. The September 16, 1985 date on the inventory sheets indicates the date the items were released to Mr. Samano. Since the car was inventoried and photographed the same day it was towed to the garage, the opportunity for tampering with the evidence would be minimal. As for the allegation that items appear in the photographs which were not on the inventory sheets, the only one identified as such is a beer keg. The officers testified that items in the garage would be reflected in the photographs which were not from appellant's car. The inference that the presence of the beer keg shows evidence of tampering is not persuasive. The trial court did not err in admitting exhibits 3, 4 and 7.

■ As to exhibit 10, the prybar, appellant makes the same erroneous argument concerning the date that the inventory was performed. Exhibit 13 is the lock removed from Samano's garage door. Appellant contends no proper chain of custody between Samano's house and the police department was established. However, the record does not reflect a specific objection to the admission of exhibit 13. Therefore, any error is waived for purposes of appeal. *McCraney v. State* (1981), Ind., 425 N.E.2d 151.

## IV

■ Appellant contends that he was arrested on September 4, 1985, and not brought before a judicial officer for an initial hearing until September 9, 1985, and that this violated his due process rights and

I.C. 36–8–3–11. Regardless of whether or not appellant's claim is correct, he has not demonstrated that the State benefited to any degree from the delay nor identified any relief to which he would be entitled. Consequently, there is nothing before us for review.

## V

■ Appellant challenges the sufficiency of the evidence to support his conviction of burglary as he was never placed at the scene of the crime. Circumstantial evidence and the inference which it supports may be sufficient to warrant a conviction for that offense. *Jones v. State* (1985), Ind., 485 N.E.2d 627. Here, appellant's car was observed near the scene of the crime, a high speed chase ensued, the car was wrecked, appellant fled, was pursued by police, and arrested at his residence. The property stolen from Samano's garage and the prybar used to gain entry to the garage were found in appellant's car. This evidence is sufficient to support the conviction.

## VI

■ During the habitual offender stage, appellant contends State's exhibit "I", consisting of prison records, was improperly authenticated due to the failure to affix a seal pursuant to I.C. 34–1–17–7. This exhibit was properly received into evidence as it was certified by the official custodian. The certification need not be under seal. *Brackens v. State* (1985), Ind., 480 N.E.2d 536.

## VII

■ Appellant challenges the sufficiency of the State's evidence identifying appellant as the same person who accumulated two prior felony convictions. He asserts that the State failed to present any testimony that the James Higgason whose criminal records, photographs and fingerprints were admitted into evidence was in fact appellant.

In *Meredith v. State* (1987), Ind., 503 N.E.2d 880, we held that properly admitted

photographs, fingerprint sheets and physical characteristics are sufficient evidence from which a jury could reasonably conclude that the defendant was the same person who committed the prior felonies. *See also Seeglitz v. State* (1986), Ind., 500 N.E.2d 144. There was sufficient evidence to support the finding that appellant was in fact the same individual in the previous felony convictions.

Appellant also raises, *pro se,* a challenge to the State's evidence on the habitual offender determination. He alleges that there is a sequential deficiency which necessitates reversal of his conviction, citing *Steelman v. State* (1985), Ind., 486 N.E.2d 523.

*Steelman* emphasized that it is necessary for the State to show that a defendant has been twice convicted and twice sentenced for felonies committed before the crime for which he stands accused. The state must further show commission of the second offense was subsequent to commission and sentencing for the first. The problem in *Steelman* arose because the State failed to introduce evidence of the date of commission of the second offense.

From a review of the record, we can only guess why appellant believes there was a defect in the proof of sequence as he failed to identify that defect. The State introduced evidence of three prior felony convictions. The first conviction alleged was committed on February 11, 1970. A photocopy of the sentencing order for that conviction appears in the record with the typewritten date of the order and the typewritten signature of the judge obviously added subsequent to the photocopying. The date which was typed in reads May 29, 1985, which is well after the other two felonies alleged. However, the certification, which is immediately following, swears the order was entered on May 29, 1970. The true sentencing date of May 29, 1970, was also read orally to the jury by the prosecutor. It is obvious to us that when the date was added to the photocopy of the order the year 1985 was mistakenly typed rather than 1970. The certification clearly reveals the correct date of the sentencing and the

jury was orally informed that 1970 was the correct year. We will not speculate that the jury ignored this evidence in favor of the date added to the sentencing order.

## VIII

Appellant asks that a future challenge to the validity of the felony convictions used to support the habitual offender determination not be precluded by appellant's failure to raise the issues in this direct appeal. We have often held that a direct appeal of the habitual determination is not the proper forum in which to challenge the validity of the underlying convictions. Rather, those actions must be brought at the trial court level. *Baird v. State* (1986), Ind., 497 N.E.2d 538. Consequently, no waiver occurs by failing to address those convictions in this appeal.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.