George WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8707–CR–693.

Supreme Court of Indiana.

July 14, 1988.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Felony Murder, for which he received a sentence of fifty-five (55) years.

The facts are: Annie Cole testified that on October 20, 1986, at approximately 8:00 p.m., she saw two men walking in the alley behind the building where the crime occurred. They stopped and one of them pointed to the space between buildings. She stated that the smaller man was wearing a maroon jacket. Frances Magmus lived next door to the victim of this crime, Mr. Sybestyn. She testified that at approximately 1:30 p.m., on October 20, 1986, she saw a black man at Mr. Sybestyn's door. She identified that person as the appellant. She also stated that Mr. Sybestyn later told her that the man had stolen 15 cents and a package of cigarettes from him and had threatened him.

Sondra Howard testified that she lived in the apartment below the victim's apartment and that on the evening of October 20, 1986 she heard two different sets of footsteps moving around in the victim's apartment. She testified that neither set of footsteps sounded like the victim's, in that he moved quite slowly and with the aid of crutches. When she heard thumping sounds coming from the victim's apartment, she investigated and found his door wide open, the lights off, and the victim lying on the floor moaning. He stated that he had been beaten. He later died in the hospital from his injuries. His apartment was in disarray, a window was broken, and his television set was missing.

The fingerprints of Jerome Long were found at the broken window. No prints of appellant were found in the apartment. Long was arrested and gave a statement to police implicating appellant as his accomplice. Appellant and one Tedrick Beverly heard that they were wanted for questioning and voluntarily came to police headquarters. At that time, appellant made a statement in which he denied he had ever been inside Sybestyn's apartment and claimed he was not involved in the crime. He was informed of Long's statement and was read his *Miranda* rights. The police read Long's statement to appellant. They then left appellant in the jail with a copy of Long's statement.

The next morning appellant gave a statement to the police admitting his involvement in the crime and claiming he had been wearing a brown jacket at the time. He gave the police consent to search his apartment for the jacket. When they reported to him that no brown jacket was found, he gave another statement admitting that the jacket he was wearing at the time was maroon. A maroon jacket had been found in the trash at his apartment.

Appellant claims the trial court erred in not suppressing the statement he made to police after being advised of Long's incriminating statement. Appellant contends that since he had previously given an exculpatory statement, it was improper for the police to advise him of Long's statement and then leave him locked up overnight with a copy of it. He further contends that they implied to him that if he would confess he was merely a lookout he would receive a lesser sentence.

We see nothing in this record to support appellant's claim that the police used improper influence to induce him to make his statement. There was nothing improper in the police showing Long's statement to appellant, nor in confining him in jail with a copy of Long's statement following his arrest, nor in suggesting that if appellant did not cooperate he might receive a longer sentence. Such vague and indefinite statements by the police do not amount to improper pressure or suggestion. *Ford v. State* (1987), Ind., 504 N.E.2d 1012. The facts recited above were matters to be submitted to the trial court for its determination as to the admissibility of the confession. We see no error on the part of the trial court in the admission of this evidence. *Jordan v. State* (1987), Ind., 510 N.E.2d 655.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.