James H. Higgason, Jr., pro se.

Kermit R. Hilles, Indianapolis, Ind., for respondents.

**James H. HIGGASON, Jr., Petitioner,**

v.

**Jack R. DUCKWORTH and Indiana Attorney General, Respondents.**

**Civ. No. S89–321.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 9, 1990.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On March 14, 1990, this court entered a Memorandum and Order dismissing the petitioner's petition for relief under 28 U.S.C. § 2254 without prejudice. Judgment was entered on March 15, 1990. Thereafter on March 22, 1990, the petitioner, appearing *pro se*, filed a motion to alter or amend judgment and supported the same by a massive 62 page supplemental memorandum filed on the same date. On the following date, March 23, 1990, this court gave the respondents until April 16, 1990 to respond thereto, and after the granting of an extension of time, the second supplemental memorandum in support of response to order and motion to dismiss was filed on June 11, 1990. The petitioner's supplemental memorandum although in technical viola-

**1118**

tion of this court's rules with regard to the length of brief, see Local Rule 12, is nonetheless very lawyerlike and has been examined by this court. Notwithstanding the admirable quality of the petitioner's elaborate memorandum, this court must deal essentially with three rather simple and straightforward issues that remain before it.

This court is most impressed with the careful, thorough, and thoughtful opinion of Justice DeBruler, writing for a unanimous Supreme Court of Indiana in *Higgason v. State*, 523 N.E.2d 399 (Ind.1988). It is certainly no secret to those who have been watchers of the Supreme Court of Indiana since the late 1960's that Justice Roger DeBruler has been consistently sensitive to the rights of defendants charged in criminal cases in the courts of Indiana. There is nothing in the aforesaid opinion that causes one to depart from that longstanding evaluation. The memorandum of the petitioner discards one of the four issues raised in the original petition and addresses extensively and indeed exhaustively the other three. Those three are: (1) habitual offender charge, (2) Confrontation Clause; and (3) a Fourth Amendment issue.

Basically, the first 17 pages, after the introduction, of the petitioner's supplemental memorandum deal with the question of the sufficiency of evidence of the habitual offender charge. This court is well aware of the teaching of the late Judge Swygert in *Williams v. Duckworth*, 738 F.2d 828 (7th Cir.1984), *cert. denied*, 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 367 (1985). However, as this court stated in its Memorandum and Order of March 14, 1990, unlike *Williams*, there exists sufficient evidence here that the petitioner was convicted and sentenced for three prior felony convictions. Tr.Rec. at 426–434.

Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. The Supreme Court in *Jackson* held:

We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* (footnote omitted). *See also Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth*, 832 F.2d 445 (7th Cir.1987), *cert. denied*, 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary*, 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory*, 820 F.2d 217 (7th Cir.), *cert. denied*, 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane*, 818 F.2d 615 (7th Cir.), *cert. denied*, 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections*, 817 F.2d 448 (7th Cir.), *cert. denied*, 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

Under *Jackson v. Virginia*, 443 U.S. at 307, 99 S.Ct. at 2781, this court

must examine a massive state court record of trial and appeals to determine whether a reasonable trier of fact could conclude beyond a reasonable doubt that the petitioner was guilty of three prior unrelated felonies. Certainly, it is elementary that it must be determined that the defendant in the state court, the petitioner, was in fact one and the same person as the person convicted in the prior offense. Notwithstanding the argument advanced in the first 17 pages of this memorandum, this court remains convinced that *Williams v. Duckworth,* 738 F.2d at 828 has been satisfied. It also needs to be stated unequivocally that this court does not sit as a court of general review to review all of the alleged arrears of a state criminal trial and that the focus of this collateral review proceeding is on violations of the Constitution of the United States.

■ The Sixth Amendment of the Constitution of the United States provides as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

*Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), is an example of the Confrontation Clause of the Sixth Amendment in its actual operation. However, notwithstanding the elaborate discussion about the Confrontation Clause, the situation simply is that the protections of the Sixth Amendment are not triggered until an indictment or a charge has been returned and therefore the argument that the petitioner attempts to make must be made under the Fourth Amendment with the serious inhibitions that are imposed under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The basic formulation under the Fourth Amendment has been recently set forth by the Supreme Court of the United States in *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

■ The facts as set out in *Higgason v. State,* 523 N.E.2d 399, 400 (Ind.1988) by Justice DeBruler in his opinion are as follows:

Appellant contends that the police officers lacked both probable cause and reasonable suspicion to either arrest him or to conduct an investigatory stop and consequently their attempting to stop him while he was driving and his subsequent arrest violated his 4th and 6th Amendment rights. A police officer is justified in making an initial or investigatory stop of a person or automobile when at the time of the stop the facts known to the officer are such to warrant a man of reasonable caution in believing that an investigation is appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Broadus v. State* (1986), Ind., 487 N.E.2d 1298.

In the case before us, police were informed that an individual was seen going from garage door to garage door in a residential neighborhood at 5:00 o'clock in the morning. They were given a description of the man and the vehicle in addition to the license plate number. Upon observation of the vehicle still in the neighborhood where the suspicious behavior occurred, the officers were justified in stopping the car in order to question the occupant concerning this behavior. *Broadus, supra.*

Further, the events which occurred between the activating of the squad car lights and siren and appellant's arrest provided probable cause for that arrest and for the inventory search of his car. When the officers signaled for appellant to pull over, instead of complying he led officers on a high speed chase. He eventually crashed into a parked car, fled on foot, was followed by the officers and arrested at his residence. At this point he had at a minimum committed, in the presence of the officers, the offense of

leaving the scene of an accident, thereby justifying his arrest. *See* I.C. 9–4–1–134. The admission of items seized pursuant to the appellant's arrest was not error.

The careful analysis of Justice DeBruler regarding *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) comports with the jurisprudence on that subject from the Court of Appeals in this circuit. *See United States v. Jackson,* 901 F.2d 83 (7th Cir.1990); *United States v. Edwards,* 898 F.2d 1273 (7th Cir.1990); and *United States v. Jeffers,* 382 F.Supp. 433 (N.D.Ind. 1974).

Even in the absence of *Stone v. Powell,* 428 U.S. at 465, 96 S.Ct. at 3037 and on the basis of an independent examination of the state record, this court would reach the same conclusion that Justice DeBruler reached for basically the same reasons. Notwithstanding the extensive discussions at pages 27 through 61 of the petitioner's memorandum, this court must adhere to the mandates of *Stone,* 428 U.S. at 465, 96 S.Ct. at 3037, after making a preliminary determination of whether there was a full and fair hearing in the state court. *See United States v. Flannigan,* 884 F.2d 945 (7th Cir.1989); *Dortch v. O'Leary,* 863 F.2d 1337 (7th Cir.1988), *cert. denied,* 490 U.S. 1049, 109 S.Ct. 1961, 104 L.Ed.2d 429 (1989). The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and this court does here and now incorporate and adopt by reference the contents of its Memorandum and Order of March 14, 1990. It is not even arguable here that the judiciary of the State of Indiana did not conduct a full and fair hearing to the claims of the petitioner under the Fourth Amendment of the Constitution of the United States.

Notwithstanding the admirable and highly professional efforts of the petitioner, there is no basis here shown for the granting of a writ under 28 U.S.C. § 2254. The court therefore must DENY the same. IT IS SO ORDERED.